IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

CIVIL ACTION NO.: 1:18-cv-435

| | |
|---|---|
| SARAH PATTERSON, )<br>)<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>POWERHOUSE RECYCLING, INC., )<br>)<br>Defendant. )<br>) | **COMPLAINT AND<br>DEMAND FOR JURY TRIAL** |

Plaintiff, Sarah Patterson ("Patterson" or "Plaintiff"), by and through counsel, brings this action for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e et seq., as amended, against Defendant Powerhouse Recycling, Inc. ("Defendant" or "Powerhouse").

## THE PARTIES

1. Patterson is an adult individual who is a resident of Salisury, North Carolina.

2. Patterson was employed by Powerhouse from May 2017 until December 2017 at Powerhouse's Salisbury, NC location.

3. Powerhouse is a domestic business corporation registered and in good standing in the State of North Carolina.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. §1331 and 42 U.S.C. § 2000e-5.

5. This Court has personal jurisdiction because Defendants conduct business in Rowan County, North Carolina, which is located within this judicial district.

6. Venue is proper in this judicial district because Defendant has substantial business contacts in this district and because the unlawful acts alleged herein occurred in Rowan County, North Carolina.

## COVERAGE ALLEGATIONS

7. At all times relevant to this action, Patterson was an "employee" within the meaning of 42 U.S.C. § 2000e(f).

8. Defendant is an "employer" within the meaning of 42 U.S.C. § 2000e(b).

9. Patterson satisfied her obligation to exhaust her administrative remedies by timely filing a Charge of Discrimination against Defendant with the United States Equal Employment Opportunity Commission ("EEOC") alleging discrimination based on sex and retaliation. On February 20, 2018, the EEOC issued a Notice of Suit Rights and Patterson timely brings this action within ninety (90) days of her receipt thereof.

## PLAINTIFF'S FACTUAL ALLEGATIONS

10. In September 2017, a co-worker sexually harassed Patterson. One of Defendant's Lead employees, David Huffman, witnessed the harassment, but merely walked away without saying anything. Patterson became visibly upset and approached Powerhouse Supervisor Alex Bare to request she be permitted to sit in an unoccupied office until she could regain her composure. Bare escorted Patterson to meet with Warehouse Managers Sean Campbell and Casey Alridge. Patterson informed Bare, Campbell and Alridge of the sexually harassing comments that were made towards her.

11. Powershouse failed to take any disciplinary action against the accused harasser.

12. In or about October 2017, Warehouse Manager Sean Campbell held a meeting that was attended by Patterson and her coworkers. Campbell looked in the direction where Patterson was sitting and stated that "he did not want to hear about everyone's drama coming across his desk."

13. In late-October 2017, another co-worker made sexually explicit remarks to Patterson, again in the presence of Lead employee Huffman. Once again, Huffman did not attempt to stop the harassment. Based on Campbell's comments about not wanting to deal with "drama," Patterson did not immediately report the incident. Approximately one week later, Patterson decided to report the incident to Campbell, telling him that she attempted to handle the situation herself to avoid bringing "drama" to his attention. Campbell told Patterson he was "proud" of her.

14. Powerhouse again failed to take any disciplinary action against the accused harasser.

15. In November 2017, Campbell approached Patterson and informed her that Powerhouse was addressing her concerns, but that Powerhouse was a "male dominated warehouse," that he "can't control what everyone says," and that Patterson should "expect crude comments" in this work environment.

16. In November 2017, Patterson was absent from work to care for her child's illness. Powerhouse issued a warning to Patterson that her attendance was unsatisfactory. Similarly situated male employees are permitted to be absent from work without any threat of discipline.

17. On December 6, 2017, Powerhouse terminated Patterson's employment, purportedly for violating Powerhouse's "Social Media Policy."

18. Powerhouse has not disciplined other similarly situated employees for similar or more egregious conduct prohibited by the Social Media Policy.

19. Powerhouse discriminated against Patterson by subjecting her to a hostile work environment and treating similarly situated male employees more favorably. Powershouse unlawfully terminated Patterson's employment in retaliation for engaging in protected activity.

## COUNT I

### (Violation of Title VII – Discrimination)

20. Patterson incorporates by reference paragraphs 1-19 of her Complaint.

21. Patterson was subjected to unlawful discrimination (harassment and less favorable treatment) on the basis of her sex, female, by Defendant in violation of Title VII.

22. Defendant's actions were intentional, willful, and/or undertaken in reckless disregard of Patterson's rights as protected by Title VII.

23. Patterson has suffered damages as a result of Defendant's unlawful actions.

## COUNT II

### (Violation of Title VII – Retaliation)

24. Patterson incorporates by reference paragraphs 1 through 23 of her Complaint.

25. Patterson was subjected to unlawful retaliation by Defendant in violation of Title VII.

26. Defendant's actions were intentional, willful, and/or undertaken in reckless disregard of Patterson' rights as protected by Title VII..

27. Patterson has suffered damages as a result of Defendant's unlawful actions.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands the following relief:

a) Order Defendant to pay to Patterson compensatory damages;

b) Order Defendant to pay to Patterson punitive damages;

c) Order Defendant to pay to Patterson all attorneys' fees, litigation expenses, and costs incurred as a result of bringing this action;

d) Order Defendant to pay to Patterson pre- and post-judgment interest on all sums recoverable; and

**e)** Order Defendant to provide Patterson with all other legal and/or equitable relief to which she is entitled.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury for all issues of fact.

Respectfully submitted,

/s/ Philip J. Gibbons, Jr.
Philip J. Gibbons, Jr., NCSB #50276

PHIL GIBBONS LAW, P.C.
15720 Brixham Hill Ave, Ste 331
Charlotte, North Carolina 28277
Telephone: (704) 612-0038
E-Mail: phil@philgibbonslaw.com